[Cite as *State v. Johnson*, 2026-Ohio-2556.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
GUERNSEY COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>THOMAS JOHNSON,<br><br>    Defendant - Appellant | Case No. 25CA000047<br>        25CA000048<br><br>Opinion And Judgment Entry<br><br>Appeal from the Guernsey County Court of Common Pleas, Case Nos. 25 CR 076, 25 CR 129<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry:  June 30, 2026 |

**BEFORE:** Craig R. Baldwin; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** MARK A. PERLAKY, Assistant Prosecuting Attorney for Plaintiff-Appellee; TODD W. BARSTOW, for Defendant-Appellant.

*Baldwin, P.J.*

{¶1} The appellant, Thomas Johnson, appeals his sentence following his guilty plea in the Guernsey County Court of Common Pleas. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} On April 8, 2025, the Guernsey County Grand Jury indicted the appellant on one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(C)(1)(b) and one count of Aggravated Possession of Drugs in violation of R.C. 2925.11(C)(1)(a) in Case No. 25-CR-76.

{¶3} On June 23, 2025, the grand jury returned a second indictment charging the appellant with two counts of Aggravated Possession of Drugs in violation of R.C. 2925.11(C)(1)(a) in Case No. 25-CR-129.

{¶4} On September 30, 2025, the appellant entered written pleas of guilty to all charges in both indictments, with the exception of Count Two of Case No. 25-CR-129, which was dismissed pursuant to a negotiated plea. The trial court ordered a presentence investigation report.

{¶5} On November 19, 2025, the trial court held a sentencing hearing. With respect to Case No. 25-CR-76, the trial court imposed a prison term of twenty-four months on Count One and nine months on Count Two, ordered to be served concurrently with one another. With respect to Case No. 25-CR-129, the trial court imposed a prison term of nine months on Count One. The court ordered the sentences in the two cases be served consecutively, for a total aggregate prison term of thirty-three months.

{¶6} Prior to imposing consecutive sentences, the trial court engaged in a detailed discussion of the appellant's background. The trial court noted that the appellant's presentence investigation report reflected approximately twenty-five prior cases and observed that the appellant had clearly failed to respond favorably to sanctions previously imposed. The trial court further discussed the significant danger that methamphetamine poses to the community and noted that the appellant had possessed more than five grams of the substance.

{¶7} In imposing consecutive sentences, the trial court stated on the record:

In 25-CR-129, again, the Court finds the appropriate sentence is 9 months. That sentence would be served consecutive to 25-CR-76. Consecutive sentences are necessary to punish the offender, protect the public from future

crime, not disproportionate to the seriousness of the conduct and Mr. Johnson's criminal history demonstrates they're necessary in the matter.

(T. at 26).

**{¶8}** The judgment entries filed on November 20, 2025, incorporated complete consecutive-sentence findings, stating:

> The Court finds that consecutive sentences are necessary in this case to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (A) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶9}** The appellant filed a timely notice of appeal and raised the following assignment of error:

**{¶10}** "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

## I.

**{¶11}** In his sole assignment of error, the appellant argues that the trial court failed to make the necessary findings to impose consecutive sentences. We disagree.

### STANDARD OF REVIEW

**{¶12}** An appellate court's review of a felony sentence is governed by R.C. 2953.08(G)(2). An appellate court may increase, reduce, or otherwise modify a sentence, or

may vacate and remand for resentencing, only if it clearly and convincingly finds either that the record does not support the sentencing court's findings under the relevant statutory provisions or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Marcum*, 2016-Ohio-1002, ¶23. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus (1954).

**{¶13}** A sentence is not contrary to law when it falls within the statutory range, the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, and the trial court has complied with all applicable sentencing requirements. *State v. Morris*, 2021-Ohio-2646, ¶90 (5th Dist.), *rev'd on other grounds*, 2022-Ohio-4609.

## ANALYSIS

**{¶14}** In his sole assignment of error, the appellant challenges the trial court's imposition of consecutive sentences. He argues that the trial court's oral statement at the sentencing hearing was incomplete because it failed to expressly find that consecutive sentences are not disproportionate to both the seriousness of the conduct and the danger he poses to the public, as required by R.C. 2929.14(C)(4). We disagree.

**{¶15}** R.C. 2929.14(C)(4) governs the imposition of non-mandatory consecutive sentences and provides that the trial court may order sentences to be served consecutively if it finds three things: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate

to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that at least one of the enumerated circumstances in R.C. 2929.14(C)(4)(a)-(c) applies.

{¶16} In *State v. Bonnell*, 2014-Ohio-3177, the Ohio Supreme Court held that a trial court must make the required findings "as part of the sentencing hearing" and must incorporate those findings into the sentencing entry. *Id*. at ¶37. The Court further held, however, that a word-for-word recitation of the statutory language is not required. *Id*. at ¶29. Rather, the critical inquiry is whether the reviewing court can discern that the trial court engaged in the correct analysis and whether the record supports the findings actually made. *Id*. at ¶37. *Bonnell* does not require a talismanic repetition of the statutory language. *Id*. In *State v. Carbaugh*, 2023-Ohio-1269 (5th Dist.), we affirmed consecutive sentences where the trial court, "although not using the precise language, at the sentencing hearing and in the sentencing entry," made statements from which the required R.C. 2929.14(C)(4) findings could be discerned. *Id*. at ¶¶35-36. We reaffirmed that principle in *State v. Wade*, 2024-Ohio-4556 (5th Dist.), concluding that a trial court's failure to recite the precise statutory language of the required findings does not render the consecutive sentences contrary to law where the record and the sentencing entry together reflect the correct analysis. *Id*. at ¶64. Most recently, in *State v. Shull*, 2025-Ohio-1298 (5th Dist.), this Court reiterated that the trial court "is not required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id*. at ¶12, quoting *Bonnell* at ¶37.

{¶17} Accordingly, we find the trial court's consecutive-sentence determination satisfies R.C. 2929.14(C)(4). At the sentencing hearing, the court expressly found that consecutive sentences were necessary to punish the offender and to protect the public from

future crime, and that the sentences were not disproportionate to the seriousness of the appellant's conduct. The court further expressly invoked the appellant's history of criminal conduct as the basis for the R.C. 2929.14(C)(4)(c) enumerated findings. Those oral findings, while not employing every word of the statute, reflect that the court engaged in the required analysis.

{¶18} The appellant's argument focuses on one component of the proportionality finding—the "danger the offender poses to the public" language—which he contends was omitted from the court's oral statement. The record as a whole, however, makes clear that the trial court considered and implicitly found that the appellant poses a danger to the public. Prior to imposing sentence, the court discussed at length the appellant's extensive criminal history of approximately twenty-five cases, his demonstrated failure to respond to previously imposed sanctions, and the serious danger that methamphetamine poses to the community. The court further noted the quantity of methamphetamine involved. These observations, taken in context with the court's oral findings, establish that the trial court engaged in the correct proportionality analysis, including consideration of the danger the appellant poses to the public, notwithstanding the absence of those precise words from the court's formal consecutive-sentence findings on the record.

{¶19} Accordingly, we find the record as a whole demonstrates that the trial court engaged in the correct consecutive-sentencing analysis, that the necessary findings are supported by the record, and that those findings are incorporated into the sentencing entries. *Bonnell* at ¶37.

{¶20} The appellant's sole assignment of error is overruled.

## CONCLUSION

{¶21} Based upon the foregoing, the judgment of the Guernsey County Court of Common Pleas is affirmed.

{¶22} Costs to the appellant.

By: Baldwin, P.J.

Popham, J. and

Gormley, J. concur.